Lawrence BAER, Appellant,

v.

J.D. DONOVAN, INC., Respondent.

No. A08–1203.

Court of Appeals of Minnesota.

April 17, 2009.

Leslie L. Lienemann, Celeste E. Culberth, Culberth & Lienemann, LLP, St. Paul, for appellant.

Steven J. Weintraut, Mark Thieroff, Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, for respondent.

Joni M. Thome, Halunen & Associates, Stephen L. Smith, Law Office of Stephen L. Smith, Minneapolis, for amicus curiae National Employment Lawyers Association, Minnesota Chapter.

Considered and decided by KALITOWSKI, Presiding Judge; SCHELLHAS, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.[*]

Appellant challenges the district court's order denying him prevailing-party benefits of nominal damages and attorney fees in an action under the Minnesota Human Rights Act (MHRA). Because appellant is not an "aggrieved party" under the statute, he is not a prevailing party, and we affirm.

## FACTS

Respondent J.D. Donovan, Inc. is a trucking company based in Rockville, Minnesota. In March 2002, acting on two advertisements by respondent for equipment operators and drivers, appellant Lawrence Baer acquired respondent's job applications form, which requested information about an applicant's handicaps and injuries.

Appellant answered several of the application questions, stating that he did not have any handicap that prevented him from working, he was physically capable of heavy, manual work, he would be willing to take a physical examination, and he was in good health. But he did not answer questions about whether he was ever injured on the job or how much time he lost from work in the past three years for illness. Respondent did not hire appellant.

Appellant brought a civil action against respondent, asserting as his sole basis for recovery that respondent had violated the MHRA "by intentionally requiring Plaintiff to provide information regarding his physical health[,] prior injuries, and disabilities."

The district court denied respondent's summary judgment motion, holding that there were triable fact issues on respondent's lack-of-standing claim. The court granted appellant summary declaratory relief, holding that respondent committed a violation as a matter of law by asking prohibited questions. The court indicated that, at trial, appellant would be required to show that he suffered "a tangible injury" and was thus entitled to damages.

After the matter was tried in 2007, the district court concluded that respondent must pay a $500 civil penalty because appellant proved the unlawful-questions violation; because respondent has not challenged this award, it is not further addressed in this review. But the court held that appellant failed to show that he suffered unfair discrimination and thus did not prevail on his claim for recovery of damages.

To explain, the district court found that appellant did not show a genuine interest in the employment because he omitted responses to legitimate questions, and that respondent was justified in concluding that appellant was not qualified for openings. The court also found that respondent made "offers of employment to at least two drivers whose responses to the challenged questions were virtually identical to [appellant's]"; that respondent's failure to interview and hire appellant "was not based on [appellant's] failure to respond to the offending questions"; and that appellant's application showed he had not driven the type of truck used by respondent for 17 years.

Based on its findings, the district court determined that "neither party qualifies as a prevailing party and neither is entitled to recovery of costs or attorneys fees."

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## ISSUE

Is appellant entitled to nominal damages and attorney fees?

## ANALYSIS

█ In a civil action under the MHRA, the district court, "in its discretion, may allow the prevailing party a reasonable attorney's fee." Minn.Stat. § 363A.33, subd. 7 (2008). Minnesota courts, employing a federal standard, have interpreted the act to require an award of attorney fees to prevailing plaintiffs "in all but special circumstances." *Kunza v. St. Mary's Reg'l Health Ctr.*, 747 N.W.2d 586, 594 (Minn.App.2008).

A plaintiff cannot be a prevailing party under the MHRA unless he establishes, among other things, that he is an "aggrieved party." *See* Minn.Stat. §§ 363A.29, subd. 4 (2008) (authorizing administrative law judge to award damages to aggrieved party if respondent has engaged in an unfair discriminatory practice); .33, subd. 6 (2008) (authorizing district court to order relief in civil actions as provided in Minn.Stat. § 363A.29, subd. 4). The MHRA does not provide a general definition of "aggrieved party." *See* Minn. Stat. § 363A.03 (defining other terms). But it specifically defines "aggrieved party" for the violation alleged by appellant in this case.

Appellant asserts that respondent violated Minn.Stat. § 363A.08, subd. 4(a)(1) (2008), which prohibits "requir[ing] or request[ing] [a] person to furnish information that pertains to ... disability" before he is employed by the employer, unless the requirement or request is based on a bona fide occupational qualification. But Minn. Stat. § 363A.08, subd. 4(b), defines "aggrieved party" as "[a]ny individual who is required to provide information that is prohibited by this subdivision."

Appellant contends that he is an "aggrieved party" within the meaning of Minn.Stat. § 363A.08, subd. 4(b), because respondent asked him questions pertaining to disability on an application form and Minn.Stat. § 363A.08, subd. 4(a)(1), expressly prohibits requesting this type of information. He emphasizes that the MHRA must be construed liberally to accomplish its purposes, which include providing "freedom from discrimination." Minn.Stat. §§ 363A.02, .04 (2008). Appellant's construction of the law is incorrect.

█ "[A] liberal construction cannot enlarge the MHRA beyond its clear and definite scope." *Monson v. Rochester Athletic Club*, 759 N.W.2d 60, 65 (Minn.App. 2009), *review denied* (Minn. Mar. 17, 2009). Although subdivision 4(a)(1) addresses both requiring and requesting prohibited information, an applicant is only an "aggrieved party" under subdivision 4(b) if required to provide the information. The legislature intended that "require" have a different meaning than "request"; both words appear in subdivision 4(a)(1). *State v. Larivee*, 656 N.W.2d 226, 229 (Minn. 2003) (statutes should not be construed in a way that renders words superfluous). Thus, appellant is an "aggrieved party" for purposes of his claim only if he suffered the requirement, not merely the request, for information pertaining to disability.

Although the plain language of the statutes dictates our result, we note that this interpretation is consistent with MHRA legislative history. *See Clark v. Pawlenty*, 755 N.W.2d 293, 304 (Minn.2008) (noting propriety of considering legislative history). The words "or request" were not inserted into the unfair-practice definition until 1990. 1990 Minn. Laws ch. 567, § 3, at 1741. Before 1990, the aggrieved-party definition matched the unfair-practice definition; both definitions dealt with requiring prohibited information. *Id.* at 1741–

42. By inserting the words "or request" into the unfair-practice definition, the legislature created the distinction that now exists between subdivision 4(a)(1) and subdivision 4(b).

Appellant's construction of subdivision 4(b) would have us assume that the legislature inadvertently failed to add the word "request" to the aggrieved-party definition in subdivision 4(b). But we must apply the plain text of the statute and assume that the legislature intended to create a new prohibition on discriminatory information requests that can be enforced only by the commissioner of human rights. *See* Minn. Stat. § 363A.28, subd. 2 (2008) (authorizing commissioner to file charge for any unfair discriminatory practice). By declining to amend subdivision 4(b), the legislature ensured that a private individual seeking relief for a violation of subdivision 4(a)(1) would have a certain personal interest in the case.

The Minnesota act is similar to federal anti-discrimination legislation in the way it broadly prohibits certain practices but restricts the category of persons who can recover damages for violations. *Cf. Wenigar v. Johnson*, 712 N.W.2d 190, 205 (Minn.App.2006) (calling on interpretations of the federal anti-discrimination statutes when interpreting similar MHRA provisions). For example, the Civil Rights Act of 1964 broadly prohibits printing or publishing any "advertisement relating to employment ... indicating any preference ... based on race, color, religion, sex, or national origin," except when the preference is related to a "bona fide occupational qualification for employment." 42 U.S.C. 2000e–3(b) (2000). But a private individual cannot recover damages under this provision unless he is "aggrieved." 42 U.S.C. 2000e–5(f)–(g) (2000). And federal courts have interpreted "aggrieved" in this context to require that the person was actually deterred by the advertisement from seeking employment. *Banks v. Heun-Norwood*, 566 F.2d 1073, 1076–77 (8th Cir. 1977).

Similarly, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–17 (2000), broadly prohibits employers from making "inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability." 42 U.S.C. 12112(d)(2). But an individual cannot obtain damages in a private action under this provision based on "a mere violation of th[e] provision." *Armstrong v. Turner Indus.*, 141 F.3d 554, 562 (5th Cir.1998). Rather the individual must identify a cognizable and compensable injury arising out of the inquiry. *Id.*

The district court did not expressly find that appellant was not an "aggrieved party" within the meaning of Minn.Stat. § 363A.08, subd. 4(b). The court labored over the question when it addressed respondent's motion for summary judgment. It ultimately denied respondent's motion because of triable fact questions of whether appellant suffered "a tangible injury" and "whether the application questions were a factor in [respondent's] decision not to hire [appellant]." Following trial, the court concluded that respondent did not base its hiring decisions on "the answers, or lack thereof, to any of the challenged questions on the ... applications." This finding carries the necessary implication that appellant was not required to provide the prohibited information when it was requested.

Appellant challenges the district court's findings. But the record contains evidence that respondent's vice president, who was in charge of hiring, did not base her decisions on applicants' answers to the impermissible questions on the application; that the vice president's decision not to interview and hire appellant was not based on

his answers to the impermissible questions; that respondent made offers of employment to at least two applicants who, like appellant, did not answer some of the prohibited questions; that respondent had legitimate, non-discriminatory reasons for not offering appellant employment; and that appellant did not have a genuine interest in obtaining employment with respondent.

Although the employment application itself indicated that the information pertaining to disability was required, because it instructed appellant to "answer all questions" and did not state that the disability questions were optional, we defer to the district court's findings that respondent's evidence was more credible and persuasive. Minn. R. Civ. P. 52.01 (stating that findings shall be upheld unless clearly erroneous and due regard should be given to trial court's credibility assessments).

Appellant is not entitled to nominal damages under Minn.Stat. § 363A.33, subd. 6, because he is not an aggrieved party. Because he is not an aggrieved party, he is also not a prevailing party and is not entitled to attorney fees under Minn.Stat. § 363A.33, subd. 7.

## DECISION

Because appellant was not required to provide information pertaining to disability, he is not an "aggrieved party" within the meaning of the MHRA and is not eligible for damages or attorney fees under the act.

**Affirmed.**